MCGREGOR W. SCOTT
United States Attorney
SHELLEY D. WEGER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DARIUSH NIKNIA, et al.,<br><br>    Defendants. | CASE NO. 2:19-CR-131 MCE<br><br>UNITED STATES' DETENTION MEMORANDUM RE: DEF. DARIUSH NIKNIA<br><br>DATE: August 16, 2019<br>TIME: 2:00 p.m.<br>COURT: Hon. Edmund F. Brennan |

    The United States requests that Dariush Niknia be detained pending trial as a flight risk. Dariush Niknia is charged with violating the United States' embargo on Iran by conspiring to sell and supply Russian-made tank helmets to Iran, and for engaging in transactions for the purchase and supply of tank helmets to Iran. *See* Dkt. No. 1. The United States' embargo on Iran, which is enforced through the International Emergency Economic Powers Act and the Iranian Transactions and Sanctions Regulations, broadly prohibits United States persons from, among other things, selling or supplying goods to Iran, with very limited exceptions. *See* 18 U.S.C. § 1705 (a), (c); 31 C.F.R. § 560.204. The law also broadly prohibits United States persons from engaging in any transaction or dealing relating to the sale or supply of goods to Iran. *See* 18 U.S.C. § 1705 (a), (c); 31 C.F.R. § 560.206.

    Here, the evidence indicates that Niknia has ties to Iran, including a cousin who appears to have at least a business connection to the Government of Iran, and access to funds and resources based on his family and business connections abroad. In this case, Niknia's email communications show that he

intended to supply his Iranian buyer with 500 tank helmets.  Niknia required the helmets be of a certain size and have a specific 5 pin or 5 prong connection.  According to Niknia, they were to be configured for a T72S military tank.  Based on the price per helmet negotiated between Niknia and his co-defendant, Niknia would have had to pay roughly $40,000 to purchase 500 helmets, and Niknia indicated in an email to his co-defendant that he could secure more than that amount.  In another email, Niknia wrote that he might later be able to secure funds to purchase an additional two-to-three thousand helmets.  Both the quantity and type of helmet Niknia sought to procure, suggest that the helmets were intended for military use.  In addition, one email from Niknia's Iranian buyer indicates that the helmets were to be provided to Army Logistics and the Military Industries of Iran.

Based on the evidence and available information, the United States believes Niknia is a flight risk for the following reasons.  First, Niknia has ties to Iran, a country that does not have an extradition treaty with the United States.  Several of Niknia's immediate family members, including his father, brother, and sister, live in Iran.  Moreover, Niknia told the FBI that the Iranian buyer of the helmets was his cousin.  Based on the evidence detailed above, it appears that Niknia's cousin has at least a business relationship with the Iranian Government.  Niknia also maintains an Iranian passport, and traveled to Iran on one known occasion during the May to October 2015 time period charged in the Indictment.

In addition, according to information Niknia provided to the Court, after leaving Iran, but prior to living in the United States, Niknia lived in several other countries (France, Pakistan, and Spain) for brief periods of time.  Niknia also has a brother living in Norway.  Taken together, Niknia has significant foreign ties, and the means and ability to live in a foreign country, which make him a flight risk given the pending charges and potential jail time he now faces.

Although Niknia reports not having access to large sums of money, according to the information provided to the Court, he does have access to cash in an amount that is more than sufficient for flight.  He also has access to funds and resources based on his family and business relationships identified above.  Moreover, the evidence suggests that Niknia may have access to money in foreign bank accounts. Email communications exchanged between Niknia and his Iranian buyer discuss the buyer depositing funds into a non-U.S. bank account (Eqtesad Novin) from which funds cannot be transferred overseas.  The government does not have any information about this account or how much money it may

contain. Not only does Niknia have access to the resources of his family members living in Iran and elsewhere, but as discussed above, the evidence indicates that Niknia's cousin (the Iranian buyer) has access to larger sums of money given the buyer's ability to provide Niknia with tens of thousands of dollars to purchase tank helmets.

Based on Niknia's ties to Iran, his available resources and access to other resources abroad, and the fact that Niknia is now facing jail time for the first time in his life, the Government believes that Niknia poses a significant risk of flight and requests that he be detained pending trial.

Dated: August 16, 2019

McGREGOR W. SCOTT
United States Attorney

By: /s/ SHELLEY D. WEGER
SHELLEY D. WEGER
Assistant United States Attorney