1 | McGREGOR W. SCOTT
United States Attorney
2 | SHELLEY D. WEGER
Assistant United States Attorney
3 | 501 I Street, Suite 10-100
Sacramento, CA 95814
4 | Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-0131 MCE |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| DARIUSH NIKNIA, and RICHARD LANT, | |
| Defendants. | |

**STIPULATION**

1. By previous order, this matter was originally set for status on December 12, 2019. On November 18, 2019, the Court advanced the status conference to December 11, 2019. On December 3, 2019, the Court, on its own motion continued the status conference to January 23, 2020. On December 11, 2019, the parties filed a stipulation requesting to exclude the time between December 11, 2019, and January 23, 2020, pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4], for the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et. seq. The Court adopted the parties' stipulation and ordered time excluded under Local Code T4 up to and including January 23, 2020. However, in the same order, the Court, on its own motion, continued the January 23, 2020 status conference to April 23, 2020, and directed the parties to email the Courtroom Deputy Clerk if either party sought a hearing before that date.

2. By this stipulation, the defendants now move to exclude time between January 23, 2020

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

and April 23, 2020, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has produced over 5,000 pages Bates-labeled discovery consisting of, among other things, investigative reports; bank and financial records; email communications, some of which are written in Farsi; as well as audio recordings of the defendants' statements.

   b) Counsel for defendant Niknia represents that her review of the discovery and investigation is ongoing. Due to the extremely limited number of available Farsi interpreters, as well as scheduling and administrative issues with the same, counsel continues to seek an appropriate interpreter. Counsel further represents that she will be largely unavailable to work on this matter from late February to mid-March 2020, as she will be preparing for a two-week trial in another matter that is set to begin on March 2, 2020. In light of the foregoing, counsel for defendant Niknia represents that additional time is necessary to obtain defense translations of emails provided by the government in discovery, to confer with the defendant about the evidence and the law, to review the discovery and potential evidence, to conduct defense investigations, and to otherwise prepare for trial in the event that a pretrial resolution does not occur.

   c) Counsel for defendant Lant also requires additional time to review the discovery and potential evidence both independently and with defendant Lant, to conduct legal research regarding the substantive charges and sentencing, and to otherwise prepare for trial in the event that a pretrial resolution does not occur.

   d) Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence; continuity of counsel; and adequate representation.

   e) The government does not object to the continuance.

   f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

et seq., within which trial must commence, the time period of January 23, 2020 to April 23, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: January 21, 2020

McGREGOR W. SCOTT
United States Attorney

/s/ SHELLEY D. WEGER
SHELLEY D. WEGER
Assistant United States Attorney

Dated: January 21, 2020

/s/ Christina Sinha
CHRISTINA SINHA
Counsel for Defendant
DARIUSH NIKNIA

Dated: January 21, 2020

/s/ Jess Marchese
JESS MARCHESE
Counsel for Defendant
RICHARD LANT

**ORDER**

IT IS SO ORDERED.

DATED: January 24, 2020

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE