McGREGOR W. SCOTT
United States Attorney
SHELLEY D. WEGER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                    v.<br><br>DARIUSH NIKNIA, and<br>RICHARD LANT,<br><br>                              Defendants. | CASE NO.  19-CR-00131 MCE<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: May 7, 2020<br>TIME: 10:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |

By previous order, this case was set for status conference on April 23, 2020.  On March 17, 2020, this Court issued General Order 611, which suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.  On March 18, 2020, this Court issued General Order 612, which permits District Judges to continue criminal matters to a date after May 1, 2020, excluding time under the Speedy Trial Act with reference to General Order 611 and any additional findings to support the exclusion of time.  These General Orders were entered to address public health concerns related to COVID-19.  On March 23, 2020, the Court, on its own motion, continued the status conference to May 7, 2020, and excluded time pursuant to General Order 611.  Defendants now move to continue the status conference to June 25, 2020, and to exclude time between April 23, 2020 and June 25, 2020, under Local Code T4.

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

1  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

2  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

3  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

4  509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

5  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

6  or in writing").

7  　　　Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

8  and inexcusable—the General Orders require specific supplementation.  Ends-of-justice continuances

9  are excludable only if "the judge granted such continuance on the basis of his findings that the ends of

10  justice served by taking such action outweigh the best interest of the public and the defendant in a

11  speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets

12  forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice

13  served by the granting of such continuance outweigh the best interests of the public and the defendant in

14  a speedy trial."  *Id.*

15  　　　The General Order excludes delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

16  T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

17  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

18  circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

19  following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

20  recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

21  *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

22  September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

23  similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

24  　　　In light of the societal context created by the foregoing, this Court should consider the following

25  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

26  justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date

27  for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

28  pretrial continuance must be "specifically limited in time").

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

**STIPULATION**

2    Plaintiff United States of America, by and through its counsel of record, and defendant, by and

3    through defendant's counsel of record, hereby stipulate as follows:

4        1.    By previous order, this matter was originally set for status on April 23, 2020.  On March

5    23, 2020, the Court continued the matter to May 7, 2020.

6        2.    By this stipulation, defendants now move to continue the status conference from May 7,

7    2020, until June 25, 2020, and to exclude time between April 23, 2020, the date of the previously

8    scheduled status conference, and June 25, 2020, under Local Code T4.

9        3.    The parties agree and stipulate, and request that the Court find the following:

10       a)    The government has provided discovery associated with this case that consists of

11       over 5,000 pages Bates-labeled pages consisting of, among other things, investigative reports;

12       bank and financial records; email communications, some of which are written in Farsi; as well as

13       audio recordings of the defendants' statements.

14       b)    Counsel for defendants desire additional time to review the discovery, to consult

15       with their respective clients, to conduct further investigation and research related to the charges

16       and sentencing, to evaluate possible settlement, and to otherwise prepare for trial.  This

17       additional time is further necessary because as part of the defense investigation and preparation

18       counsel for Niknia is working with a Farsi interpreter who has limited availability.

19       c)    Counsel for defendants believe that failure to grant the above-requested

20       continuance would deny him/her the reasonable time necessary for effective preparation, taking

21       into account the exercise of due diligence.

22       d)    The government does not object to the continuance.

23       e)    In addition to the public health concerns cited by General Order 611 and

24       presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in

25       this case because due to COVID-19 and the need to avoid in person contact to the greatest extent

26       possible some of the necessary defense interactions and investigative steps will take more time to

27       complete.

28       f)    Based on the above-stated findings, the ends of justice served by continuing the

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

1    case as requested outweigh the interest of the public and the defendant in a trial within the

2    original date prescribed by the Speedy Trial Act.

3            g)        For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

4    et seq., within which trial must commence, the time period of April 23, 2020 to June 25, 2020,

5    inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

6    because it results from a continuance granted by the Court at defendant's request on the basis of

7    the Court's finding that the ends of justice served by taking such action outweigh the best interest

8    of the public and the defendant in a speedy trial.

9                **THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME                    4
PERIODS UNDER SPEEDY TRIAL ACT

1      4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

2  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

3  must commence.

4        IT IS SO STIPULATED.

5

6   Dated:  April 20, 2020                                    McGREGOR W. SCOTT
                                                             United States Attorney

7
                                                             /s/ SHELLEY D. WEGER
8                                                            SHELLEY D. WEGER
                                                             Assistant United States Attorney
9

10

11  Dated:  April 20, 2020                                   /s/ CHRISTINA SINHA
                                                             CHRISTINA SINHA
12                                                           Counsel for Defendant
                                                             DARIUSH NIKNIA
13

14  Dated:  April 20, 2020                                   /s/ JESS MARCHESE
                                                             JESS MARCHESE
15                                                           Counsel for Defendant
                                                             RICHARD LANT
16

17                                      **ORDER**

18        IT IS SO ORDERED.

19  Dated:  April 21, 2020

20

21  MORRISON C. ENGLAND, JR
    UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME            5
PERIODS UNDER SPEEDY TRIAL ACT