McGREGOR W. SCOTT
United States Attorney
SHELLEY D. WEGER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-00131 MCE |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| DARIUSH NIKNIA, and RICHARD LANT, | DATE: January 28, 2021 TIME: 10:00 a.m. COURT: Hon. Morrison C. England, Jr. |
| Defendants. | |

This matter was set for status on January 28, 2021. The Court, on its own motion, subsequently continued the status conference until February 11, 2021. By this stipulation, defendants now move to continue the status conference to March 11, 2021, and to exclude time between those dates for the reasons set forth below.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1] This and previous General Orders,

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

1    as well as the declarations of judicial emergency, were entered to address public health concerns related

2    to COVID-19.

3            Although the General Orders and declarations of emergency address the district-wide health

4    concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

5    "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

6    findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

7    record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such

8    failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

9    (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

10   findings on the record "either orally or in writing").

11           Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

12   and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

13   emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

14   judge granted such continuance on the basis of his findings that the ends of justice served by taking such

15   action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

16   § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of

17   the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

18   such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

19           The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

20   18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

21   continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

22   discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

23   week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

24   764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

25   *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow*

26   to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

27   The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

28   by the statutory rules.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1    In light of the societal context created by the foregoing, this Court should consider the following

2    case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

3    justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date

4    for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

5    pretrial continuance must be "specifically limited in time").

6                                    **STIPULATION**

7    Plaintiff United States of America, by and through its counsel of record, and defendant, by and

8    through defendant's counsel of record, hereby stipulate as follows:

9    1.    By previous order, this matter was set for status on January 28, 2021.

10    2.    By this stipulation, defendant now moves to continue the status conference until March

11    11, 2021, and to exclude time between January 28, 2021, and March 11, 2021, under 18 U.S.C.

12    § 3161(h)(7)(A), B(iv) [Local Code T4].

13    3.    The parties agree and stipulate, and request that the Court find the following:

14        a)    The government has produced over 5,000 Bates-labeled pages of discovery which

15    includes investigative reports; bank and financial record; email communications, some of which

16    are written in Farsi; reports of interviews, and audio recordings of the defendants' statements.

17    All of this discovery has been either produced directly to counsel and/or made available for

18    inspection and copying.

19        b)    Counsel for defendants desire additional time to consult, review discovery, and

20    discuss potential resolutions with their respective clients, and to otherwise prepare for trial, if

21    necessary.  These tasks require additional time to complete, in part, due to the ongoing COVID-

22    19 pandemic and the continuing need to social distance. Counsel for defendant Lant further

23    represents that he also requires additional time to conduct additional legal research and

24    investigation into potential mitigating evidence.  Counsel for defendant Niknia further represents

25    that she needs to consult with her client in person with the assistance of a court certified

26    translator to review discovery, discuss the law related to the charges, and to discuss potential

27

28    [2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME          3
PERIODS UNDER SPEEDY TRIAL ACT

resolutions or otherwise prepare for trial.  Due to the ongoing policy of the Office of the Federal Defender for the Eastern District of California, which prohibits assistant federal defenders from meeting with their clients in person due to the health risks presented by COVID-19, counsel requires additional time to complete these tasks.

c)      Counsel for defendants believe that failure to grant the above-requested continuance would deny him and her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 28, 2021 to March 11, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///

///

///

///

///

///

///

///

///

///

///

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  January 6, 2021                          McGREGOR W. SCOTT
                                                 United States Attorney


                                                 /s/ SHELLEY D. WEGER
                                                 SHELLEY D. WEGER
                                                 Assistant United States Attorney


Dated:  January 6, 2021                          /s/ CHRISTINA SINHA
                                                 CHRISTINA SINHA
                                                 Counsel for Defendant
                                                 DARIUSH NIKNIA


Dated:  January 6, 2021                          /s/ JESS MARCHESE
                                                 JESS MARCHESE
                                                 Counsel for Defendant
                                                 RICHARD LANT


**ORDER**

IT IS SO ORDERED.


Dated:  January 8, 2021


                                                 MORRISON C. ENGLAND, JR.
                                                 SENIOR UNITED STATES DISTRICT JUDGE